**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Elizabeth A. Wagner, Esq. (317098)
elizabeth@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

*Attorney for Plaintiff*,
Amanda Armstrong

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>VOSS & KLEIN, LLC; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION, LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>II. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>III. **FAIR CREDIT REPORTING ACT;**<br><br>IV. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED**<br><br>**UNLIMITED – OVER $25,000** |

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. AMANDA ARMSTRONG ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of VOSS & KLEIN, LLC ("Voss & Klein"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); AND, TRANS UNION, LLC ("Trans Union") with regard to attempts by Voss & Klein to unlawfully and abusively collect an invalid debt, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

///

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

1 assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (iii) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iv) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1, et seq. ("CCCRAA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Yolo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Woodland, California, from whom Voss & Klein sought to collect a consumer debt which was alleged to be due and owing from Plaintiff.

15. Plaintiff is informed and believes, and thereon alleges, that Voss & Klein in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(f);

17. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

18. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

19. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

20. Voss & Klein is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

21. Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

22. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

23. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

primarily for personal, family, household and employment purposes.

24. Voss & Klein is a debt collector operating from the State of Florida.

25. Equifax is a corporation located in the State of Georgia.

26. Experian is a corporation located in the State of California.

27. Trans Union is a corporation located in the State of Pennsylvania.

28. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

## FACTUAL ALLEGATIONS

29. At all times relevant, Plaintiff is an individual residing within the State of California.

30. In 2019, Plaintiff briefly worked as a receptionist in the employ of Dr. Hung, a private practice dental office.

31. During her employ with Dr. Hung, Plaintiff became aware and concerned regarding certain aspects of Dr. Hung's dental practice.

32. Specifically, Plaintiff had reasonable cause to believe that Dr. Hung was secretly recording the private conversations of his employees.

33. Further, Plaintiff had reasonable cause to believe that Dr. Hung was improperly instructing and directing other employees to perform procedures on patients, when those employees were not adequately licensed to perform said procedures.

34. Further, Plaintiff had reasonable cause to believe that Dr. Hung had improperly instructed herself and another employee to lie to patients, in an attempt to conceal a potential medical malpractice claim against Dr. Hung and his dental practice.

35. Consequently, Plaintiff concluded that remaining in the employ of Dr. Hung would jeopardize her career, reputation, and subject her to the discomfort of litigation.

36. As a result, Plaintiff left the employ of Dr. Hung.
37. Immediately after leaving Dr. Hung's office, Plaintiff contacted Dr. Hung to inquire as to the status of Plaintiff's final paycheck.
38. Much to Plaintiff's surprise and frustration, Dr. Hung informed Plaintiff that not only would he not pay Plaintiff for time worked at his office, but that he would also charge Plaintiff for training Plaintiff received.
39. The training Plaintiff received was provided to her so that she could perform the functions that Dr. Hung required of her as an employee.
40. Accordingly, Dr. Hung informed Plaintiff that she owed him $56. Dr. Hung purportedly made this calculation by deducting the value he claimed for the training from the wage earned by Plaintiff for time worked.
41. Sometime later, Plaintiff received correspondence from Mr. Gold at Voss & Klein, stating that Dr. Hung reported to Voss & Klein that Plaintiff owed nearly $700, which is many times greater than the debt Dr. Hung originally alleged Plaintiff owed him.
42. Immediately thereafter, Plaintiff disputed the debt directly to Voss & Klein, providing to them the many reasons why Plaintiff believed this was a fraudulent debt.
43. Unfortunately, neither Voss & Klein nor Dr. Hung responded to Plaintiff's dispute. In fact, both Voss & Klein and Dr. Hung have repeatedly ignored Plaintiff's attempts to resolve the alleged debt, ignoring her phone calls and emails, wherein Plaintiff demands proof of the alleged charges.
44. On June 26, 2023, Plaintiff contacted Equifax, Experian, and Trans Union in writing to dispute this account.
45. In each of her correspondences to the credit bureaus, Plaintiff stated that the reporting was inaccurate and that she was a victim of a fraudulent debt, resulting

///

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

1 from the retaliatory actions of Dr. Hung, as well as the predatory actions of Voss & Klein.

46. Voss & Klein was then required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

47. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. Plaintiff unfortunately received notice from Equifax, Experian, and Trans Union that the inaccurate account information would remain on each of their credit files.

49. To date, the inaccurate debt appears on Plaintiff's Equifax; Experian; and, Trans Union credit reports.

50. Voss & Klein submits inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

51. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

52. Defendants' investigations were unreasonable.

53. More specifically, Voss & Klein should have discovered from Voss & Klein's own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing she was the victim of identity theft.

54. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; to not conduct a simple inquiry regarding Plaintiff's identifying information; and to not contact any individuals or parties associated with the prior matter to determine the status of the debt.

///

55. Accordingly, Voss & Klein failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

56. Voss & Klein failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

57. Due to Voss & Klein's failure to reasonably investigate, Voss & Klein further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

58. By inaccurately reporting account information after notice and confirmation of its errors, Voss & Klein failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

59. Through this conduct, Voss & Klein violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Voss & Klein knew or should know was inaccurate.

60. The Credit Bureaus also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

61. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

62. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

63. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

64. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

65. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

66. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

67. Defendant's conduct has caused Plaintiff emotional distress.

68. Plaintiff has spent countless hours disputing this inaccurate information with Defendant in an attempt to provide any and all information needed for the investigations.

69. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

70. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

71. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

72. As a direct and proximate result of Defendant's willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and

1. derogatory information, without success.

73. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

74. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendant took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

75. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

76. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

78. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692e(8) by reporting credit information regarding Plaintiff that Voss & Klein knew or should have known to be inaccurate This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

79. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

80. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the fraudulent debt from Plaintiff. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

81. Through this conduct, Voss & Klein violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Voss & Klein violated Cal. Civ. Code § 1788.17.

82. The continued pursuit of Plaintiff through direct collection efforts and credit reporting despite the fraudulent nature of these accounts shows that Voss & Klein took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

83. Voss & Klein's outrageous, abusive, and malicious acts constituted an intrusion upon Plaintiff's seclusion.

84. Voss & Klein intruded upon the solitude and seclusion of Plaintiff's private affairs by obtaining information regarding Plaintiff in connection with a transaction not authorized by Plaintiff.

85. Said information was obtained without Plaintiff's knowledge or consent and was utilized in connection with the opening of the fraudulent account and utilized to further Voss & Klein's collection efforts in connection with the judgment and credit reporting.

///

///

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

86. In addition, Voss & Klein's repeated collection efforts misrepresenting Plaintiff to be personally liable for fraudulent debts also intruded upon the solitude, seclusion, and private affairs of Plaintiff.

87. Voss & Klein's intrusions were substantial and highly offensive to Plaintiff as well as an ordinarily reasonable person.

88. Voss & Klein's intrusions caused Plaintiff to sustain injury, damages, loss, and harm in the form of emotional distress and pecuniary loss as discussed herein.

89. Since Plaintiff's efforts to be absolved of the fraudulent debts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

90. Similarly, Equifax, Experian, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

91. These documents should have caused Equifax, Experian, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

92. By intentionally reporting continuing obligations, Equifax, Experian, and Trans Union acted in conscious disregard for Plaintiff's rights.

93. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

94. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

95. Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes and to obtain vindication for his successful defense of the Collection Action.

# CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692-1692(P) (FDCPA)

## [AGAINST VOSS & KLEIN, LLC]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

98. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

## [AGAINST VOSS & KLEIN, LLC]

99. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

101. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages

for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

# COUNT III

# VIOLATION OF THE FAIR CREDIT REPORTING ACT

# 15 U.S.C. §§ 1681-1681X (FCRA)

# [AGAINST ALL DEFENDANTS]

102. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

104. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

105. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

///

///
///
///

# COUNT IV

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1 ET SEQ. (CCCRAA)

## [AGAINST ALL DEFENDANTS]

106. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

108. In the regular course of its business operations, Voss & Klein routinely furnishes information to credit reporting agencies pertaining to transactions between Voss & Klein and Voss & Klein's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

109. Because Voss & Klein is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Voss & Klein is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

110. Since Voss & Klein received all documents required to determine the inaccuracy of Voss & Klein's reporting, Voss & Klein should have known to update said reporting.

111. Equifax, Experian, and Trans Union also should have determined that Voss & Klein's reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

///

112. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from all Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An injunction preliminarily and permanently enjoining Defendant from engaging in the unlawful debt collection practices stated herein;
- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

113. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 8, 2023                                                         Respectfully submitted,

**LOKER LAW, APC**

By: __/s/ Elizabeth A. Wagner__
ELIZABETH A. WAGNER, ESQ.
ATTORNEY FOR PLAINTIFF