UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA ARMSTRONG,<br><br>　　　　Plaintiff,<br>　v.<br>VOSS & KLEIN, LLC, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-01949-DJC-AC<br><br><br>ORDER |

Pending before the Court is a Motion for Judgment on the Pleadings brought by Defendants Trans Union LLC ("Trans Union") and Equifax Information Services LLC ("Equifax") (collectively, the "CRA Defendants"). (ECF No. 23.)

Having considered the Parties' briefing and arguments, the Court hereby grants this Motion and dismisses Plaintiff's claims against the CRA Defendants with prejudice.

**BACKGROUND**

In or around 2019, Plaintiff Amanda Armstrong briefly worked as a receptionist for Dr. Hung at Medical Village Family Dental, a private practice dental office. (Compl. (ECF No. 1) ¶ 30). Plaintiff contends that Dr. Hung secretly recorded private conversations, improperly directed other employees to perform certain dental procedures while not licensed to do so, and instructed employees to lie to patients to conceal malpractice, prompting Plaintiff to leave the dental practice. (*Id.* ¶¶ 31–36.)

      Plaintiff alleges that immediately after leaving Dr. Hung's office, she inquired about the status of her final paycheck. (*Id.* ¶ 37.) However, Dr. Hung refused to pay her for the time worked at his office, and instead informed her he would be charging her for training she had received to perform her job. (*Id.* ¶¶ 38-39.) Dr. Hung informed Plaintiff that she owed him $56, a calculation he allegedly made by deducting the value of Plaintiff's training from the time Plaintiff had worked. (*Id.* ¶ 40.)

      Thereafter, Plaintiff received a letter from a debt collector, Voss & Klein, LLC ("Voss & Klein"), informing her that Dr. Hung had reported a debt of approximately $700. (*Id.* ¶ 41.) Plaintiff disputed the debt directly with Voss & Klein and provided them "many reasons" why Plaintiff believed it was "fraudulent debt," yet Plaintiff did not receive any response from Dr. Hung or Voss & Klein. (*Id.* ¶¶ 42-43.) Plaintiff alleges "Voss & Klein and Dr. Hung have repeatedly ignored Plaintiff's attempts to resolve the alleged debt, ignoring her phone calls and emails, wherein Plaintiff demands proof of the alleged charges." (*Id.* ¶ 43.)

      Around June 26, 2023, Plaintiff sent dispute letters to the CRA Defendants, and stated that "she was the victim of a fraudulent debt, resulting from the retaliatory actions of Dr. Hung, as well as the predatory actions of Voss & Klein." (*Id.* ¶¶ 44-45; Mot. J. Pleadings, Ex. 1[1] (ECF No. 23-1).) Specifically, the letters detail the series of events that led up to Plaintiff's departure from Medical Village Family Dental and explains that after Plaintiff asked for her final paycheck, she received a communication from Voss & Klein informing her that Mr. Hung had filed a debt for nearly $700. (Mot. J. Pleadings, Ex. 1.) Plaintiff explains that the debt resulted from "retaliatory actions by Mr. Hung, and predatory actions by Voss & Klein" and that she "never incurred any debts to anyone related to this account." (*Id.*)

---

[1] Plaintiff's Complaint refers to and relies on the dispute letters to the CRA Defendants. (*See* Compl. ¶¶ 44-45, 48.) Therefore, the dispute letters are incorporated into the Complaint and may be considered in this Motion. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding that even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim).

1   Plaintiff subsequently received notice from the CRA Defendants that the debt would remain on Plaintiff's credit file with each of the respective credit bureaus. (Compl. ¶ 48.)  To date, the debt appears on Plaintiff's credit reports.  (*Id.* ¶ 49.)

Plaintiff filed this action on September 11, 2023, alleging four causes of action for (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, against Voss & Klein; (2) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788–1788.32, against Voss & Klein; (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, against Voss & Klein, Equifax, Experian Information Solutions ("Experian"), and Trans Union; and (4) violation of the California Consumer Credit Report Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.1 *et seq.*, against Voss & Klein, Equifax, Experian, and Trans Union.  (Compl. ¶¶ 96–112.)

The CRA Defendants brought this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) on December 13, 2023, seeking dismissal of all claims against them.  (Mot. J. Pleadings (ECF No. 23).)  The Court held a hearing on this Motion on February 15, 2024, with Elizabeth Wagner appearing for Plaintiff, and Ritika Singh and Eric Barton appearing for the CRA Defendants.  The Court took the matter under submission.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion.  *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the allegations of the non-moving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false.  *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  *Living Designs, Inc. v.*

*E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).  "[J]udgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

## DISCUSSION

Plaintiff alleges the CRA Defendants reported inaccurate information on her credit report and failed to reasonably reinvestigate her claims of fraudulent debt in violation of sections 1681e(b) and 1681i of the FCRA, as well as under the CCRAA. (Compl. ¶¶ 52–54, 60–65, 71, 90–93, 103, 111.)

The FCRA was enacted in order to ensure fair and accurate credit reporting. *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 755 (9th Cir. 2018).  To assert a claim under sections 1681e(b) or 1681i of the FCRA—alleging either that a consumer credit report is inaccurate or that a credit reporting agency ("CRA") did not conduct a proper reinvestigation to determine whether the disputed information is inaccurate—a plaintiff must plead the existence of a factual inaccuracy within their report.  *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010).  Information in a credit report is inaccurate if it is "patently incorrect or materially misleading." *Carvalho*, 629 F.3d at 890–91.  Similarly, inaccuracy is a required element for a CCRAA claim as the statutory language requires that the information reported be "incomplete or inaccurate."  Cal. Civ. Code § 1785.25(a).  In general, the CCRAA "mirrors" the FCRA, such that a CCRAA claim survives only to the extent that a FCRA claim survives.  *See Guimond*, 45 F.3d at 1335; *Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003).

Here, the CRA Defendants argue that Plaintiff has failed to plead any factual inaccuracy in her credit file.  (Mot. J. Pleadings at 4.)  Specifically, the CRA Defendants argue Plaintiff's Complaint centers on the validity of Plaintiff's debt resulting from claims her then employer, Dr. Hung, engaged in retaliatory actions when he withheld

4

her final paycheck and demanded a large sum of money as compensation for training she allegedly received during her employment. (*Id.*)  The CRA Defendants argue this is not a factual inaccuracy concerning the debt, but rather a legal issue which would require the CRA Defendants to determine whether "(1) Dr. Hung withheld her final paycheck; (2) the charges for training required to perform her work was justified; (3) Dr. Hung's calculations for the amount owed was correct; and (4) Dr. Hung engaged in retaliatory actions after Plaintiff quit her job." (*Id.* at 4-5.)  The CRA Defendants argue these questions turn on interpretation of California labor law, as well as the terms of any employment agreement, which is not a determination they are obligated to or even capable of resolving as the validity of a debt is a legal question that can only be resolved by a court of law. (*Id.* at 5-6.)  Accordingly, the CRA Defendants argue that Plaintiff's claim must be dismissed.

        Plaintiff responds that she has sufficiently pled there is an inaccuracy in her credit report.  (Opp'n Mot. J. Pleadings (ECF No. 26) at 5-6.)  Plaintiff argues that, even if her disputes arguably turn on questions of law, the CRAs may be required to accurately report information derived from readily verifiable and straightforward applications of law to facts; Plaintiff argues the existence and amount of her debt is objectively and readily verifiable.  (*Id.* at 8-9.)  Thus, Plaintiff argues her dispute is factual in nature, and is sufficient to survive dismissal at this early stage.  (*Id.* at 7-8.)

        This Court agrees with the CRA Defendants and finds that Plaintiff has failed to plead a factual inaccuracy in her credit file.  An item on a credit report can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is materially misleading such that it can adversely affect credit decisions.  *Carvalho*, 629 F.3d at 890.  The Ninth Circuit has held that a dispute challenging the legal validity of a debt is neither.  *See id.* at 892.  Thus, "[c]laims brought under § 1681e and 1681i pertain strictly to disputes of factual inaccuracy, not to disputes about the underlying legality of a debt or who is responsible for paying it."

*Bornstein v. Trans Union LLC*, No. CV-18-04773-PHX-JJT, 2019 WL 2372020, at *3 (D. Ariz. June 5, 2019).

In *Carvalho*, the plaintiff sued the CRAs claiming a medical debt appearing on her credit report was inaccurate because it was her health insurance provider's contractual responsibility to pay for her medical services. *Carvalho*, 639 F.3d at 891. The panel affirmed summary judgment in favor of the CRAs on Plaintiff's reinvestigation claim, finding that CRAs are not tribunals, and that, as third parties lacking any direct relationship with the consumer, they are ill equipped to adjudicate contract disputes. *Id.* at 891–92. Accordingly, "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.* at 891. Rather, determining whether the consumer has a valid defense is a question for a court to resolve, not a job imposed upon the CRAs by the FCRA. *Id.* at 892. For these reasons, the Ninth Circuit held that the plaintiff failed to establish an element of a prima facie reinvestigation claim— inaccuracy. *Id.* District courts have followed *Carvalho* and held that plaintiffs fail to allege an inaccuracy when their suit against a CRA is premised on a dispute of a debt's validity. *See, e.g., Kozlowski v. Bank of Am., N.A.*, No. 1:18-cv-00131-DAD-EPG, 2018 WL 5099765, at *5 (E.D. Cal. Oct. 18, 2018); *Alvandi v. Fid. Cap. Holdings, Inc.*, No. CV144379DSFAJWX, 2015 WL 12672736, at *2 (C.D. Cal. June 30, 2015), *aff'd*, 677 F. App'x 343 (9th Cir. 2017).

Here, Plaintiff alleges that, when she quit the dental practice, Dr. Hung informed her he would charge her for the training she received while in his employ, reporting a $700 debt to Voss & Klein. (Compl. ¶¶ 38, 40–41.) Plaintiff alleges the debt is invalid "fraudulent debt" as it was charged in retaliation for her leaving Dr. Hung's dental practice and disputes her duty to repay the debt based on said retaliation. (*See id.* ¶¶ 42, 45; Mot. J. Pleadings, Ex. 1 ("I believe this is retaliatory actions by Mr. Hung . . . . I never incurred any debts to anyone related to this account so I ask that it be deleted immediately.").) Accordingly, there is a dispute as to the

6

legal validity of the debt, the resolution of which likely turns on the existence and terms of any contract between Plaintiff and Dr. Hung, as well as any defense to repayment Plaintiff can assert under her employment contract or California law.  This is a dispute that the CRA Defendants are ill-equipped to resolve.  *See, e.g., Feffer v. Ariz. Bank & Trust*, No. 22-cv-538-MMA-BGS, 2022 WL 3567061, at *1, 3 (S.D. Cal. Aug. 18, 2022) (dismissing FCRA claims against defendant CRAs based on plaintiff's claim that she was not obligated to pay a late fee improperly levied against her by her bank, and that the late payment on her credit report was therefore "materially misleading," because this was a dispute as to the validity of the underlying debt).

Plaintiff relies extensively on *Serhan v. Hyundai Capital America*, No. EDCV 23-1054-JGB-SPx, 2023 WL 6787810 (C.D. Cal. Sept. 7, 2023) to argue she alleges a factual, not legal, dispute.  *Serhan*, however, is distinguishable from the case at hand.  In *Serhan*, the plaintiff entered into a 39-month lease with Kia for a 2017 Kia Sorrento.  *Id.* at *1.  In November 2019, the plaintiff took advantage of a promotion Kia was running wherein the plaintiff could turn in his Kia Sorrento early and the remaining payments and fees would be waived.  *Id.*  Plaintiff took advantage of the offer, signed a new lease, and made all new lease payments on time.  *Id.*  In March 2020, plaintiff received collection calls from Kia pertaining to the 2016 lease, attempting to collect money plaintiff did not owe and was not responsible for.  *Id.*  The plaintiff also learned that the CRAs were reporting the 2016 lease account with past due payments and a charge-off status.  *Id.*  The plaintiff sent many disputes to the CRAs, each to no avail.  *Id.*  The plaintiff filed suit, and the CRAs moved to dismiss, arguing under *Carvalho* that plaintiff's claim should be dismissed because he pled a legal dispute, not a factual inaccuracy.  *Id.* at *4.

The *Serhan* court distinguished *Carvalho*, reasoning that while "*Carvalho* involved a legal dispute over who was responsible for a past due medical bill, the plaintiff or her insurance carrier," in the instant matter plaintiff alleged "there was never an unpaid or late balance to begin with."  *Id.*  In support of this conclusion, the

7

court pointed to the numerous documents plaintiffs submitted to the CRAs demonstrating their reporting was inaccurate, including a copy of the check that was deposited by Kia in January 2020 representing the full amount allegedly owed prior to the account being considered late, and a copy of an invoice reflecting that he had a $0.00 balance associated with the 2016 lease account after he returned the vehicle. *Id.* Thus, there was no dispute "as to who was responsible for an unpaid or late balance," because the documentation clearly showed "there was never an unpaid or late balance." *Id.*

Here, unlike *Serhan*, Plaintiff has not shown that the factual accuracy of her debt can be resolved with simple accounting or a review of relevant documents. Rather, Plaintiff claims she is not responsible for paying the debt in any amount because the $700 charge has no legally valid basis. This is a dispute that must be resolved between Plaintiff and her creditors, not the CRA Defendants. *Cf. Darrin v. Bank of Am., N.A.*, No. 2:12-cv-00228-MCE-KJN, 2014 WL 1922819, at *6-7 (E.D. Cal. May 14, 2014) (finding plaintiff sufficiently pled a factual inaccuracy when she disputed the accuracy of reported mortgage payments on her credit report, and not simply her legal obligation to pay her mortgage debt).

Accordingly, the Court finds that Plaintiff has failed to plead any factual inaccuracy in her credit reports, a necessary element of her causes of action under the FCRA and CCRAA. These claims against the CRA Defendants will be dismissed.

## LEAVE TO AMEND

Courts have discretion to grant a motion for judgment on the pleadings with leave to amend. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (noting that "[l]eave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility").

Here, the Court finds granting leave to amend would be futile.  Plaintiff has alleged no new facts in her Opposition, and Plaintiff's counsel confirmed at the hearing that Plaintiff has no new or additional facts to plead regarding the underlying dispute as to the debt or her communications with the CRA Defendants.

Therefore, Plaintiff's claims against the CRA Defendants are dismissed without leave to amend.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the CRA Defendants' Motion for Judgment on the Pleadings (ECF No. 23) is GRANTED. Plaintiff's third and fourth causes of action against Defendants Trans Union and Equifax are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:  **April 4, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – armstrong23cv1949.MotJudgmentPleadings